IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL V. MAY | : |
| Plaintiff | : CIVIL ACTION |
| vs. | : |
| | : NO. 09-CV-2395 |
| ERIC K. SHINSEKI | : |
| Defendant | : |

**MEMORANDUM OPINION**

GOLDEN, J.                                                                                            January 14, 2010

The Government raised subject matter jurisdiction as an affirmative defense in this matter, prompting the Court to request further briefing on jurisdictional issues. The Court acts pursuant to its obligation to consider the question of subject matter jurisdiction *sua sponte*. *Meritcare*, *Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 314, 317 (3d Cir. 1999). After review of the parties' submissions, the Court concludes that it lacks subject matter jurisdiction.

**I.      Factual and Procedural Background**

Plaintiff was a nurse at the Veterans Administration ("VA") Medical Center in Coatesville. (Compl. ¶ 5). She was terminated for cause effective May 30, 2008. (Compl. ¶ 6). She was eligible for retirement benefits at her termination, and alleges that VA employees induced her to backdate her retirement date by providing her with misinformation about the impact of her retirement on her health insurance benefits. (Compl. ¶¶ 11-13). Plaintiff claims that as a result of her retirement, which she characterizes as involuntary, she forfeited her right to appeal her case to the VA's Disciplinary Appeals Board, and was charged in excess of $47,000 by the VA for repayment of educational benefits. (Compl. ¶¶ 15i, j).

Plaintiff appealed to the Merit Systems Protection Board ("MSPB") on July 3, 2008, alleging that her retirement was involuntary and that the VA discriminated against her on the basis of age. (Compl. ¶ 14). She amended her appeal on July 23, 2008, alleging that the VA committed a prohibited personnel practice resulting in the backdating of her retirement date. (Compl. ¶ 15). The Administrative Judge dismissed her appeal for lack of jurisdiction, reasoning that because VA nurses are appointed without regard to certain civil service requirements and are excluded from the competitive service under Title 38, chapter 74, they are also ineligible to appeal adverse employment actions to the MSPB in the process described in Title 5, chapter 75. (Compl. Exh. 15, P. 5); *see also* 5 U.S.C. § 7711(b)(10). The Administrative Judge did not reach the merits of Plaintiff's claims of discrimination or Plaintiff's claim that the VA committed a prohibited personnel practice. (Compl. Exh. 15, P. 5-6).

Plaintiff appealed the Administrative Judge's dismissal to the full MSPB, which affirmed the Administrative Judge's decision on April 23, 2009. (Compl. ¶¶ 23-24). Plaintiff next filed a complaint in this Court, asking that the Court reverse the MSPB's decision, and hold that the VA's involuntary retirement action was unlawful, that the VA discriminated against Plaintiff on the basis of her age, and that the VA committed a prohibited personnel practice. (Compl. P. 18).

## II. Analysis

This Court has jurisdiction to hear "cases of discrimination subject to the provisions of" 5 U.S.C.§ 7702. 5 U.S.C. § 7703(b)(2). Cases of discrimination that are "subject to" 5 U.S.C. § 7702 are those that involve both discrimination and "an action which the employee or applicant may appeal to the Merit Systems Protection Board." 5 U.S.C. § 7702(a)(1)(A). In other words, a district court has jurisdiction to hear "mixed cases" that involve both a claim of unlawful

discrimination *and* a claim that is appealable to the MSPB. *Stone v. Napolitano*, 2009 WL 2169216 at *3 (E.D. Pa. July 17, 2009). However, as Judge McLaughlin concluded in a similar case, the weight of authority holds that when the MSPB has concluded that it does not have jurisdiction over a non-discrimination claim, the action is no longer a mixed case and the district court does not have jurisdiction over the appeal of the MSPB's decision. *Id.* at *4-5 (collecting cases). Appeals of the MSPB's jurisdictional determinations are properly brought before the United States Court of Appeals for the Federal Circuit. *Sloan v. West*, 140 F.3d 1255, 1261-62 (9th Cir. 1998); see also *Wall v. U.S.*, 871 F.2d 1540, 1543-44 (10th Cir. 1989).

In this matter, the MSPB has already dismissed Plaintiff's appeal because of jurisdictional defects. Therefore, because this Court has jurisdiction only over discrimination matters that are also appealable to the MSPB, the Court does not have the power to hear this case. Plaintiff contends that the Administrative Judge erred by failing to hold an evidentiary hearing on the question of jurisdiction, and asks this Court to weigh unspecified disputed facts to determine whether it has jurisdiction. This Court's decision is based on the MSPB's legal conclusion that, given the nature of her complaint and her status as an employee appointed under Title 38, Chapter 74, Plaintiff's case could not be heard by the MSPB. The Court of Appeals for the Federal Circuit is the right forum in which to review the MSPB's jurisdictional decisions. 5 U.S.C. § 7703(b)(1); *Wall*, 871 F.2d at 1543-44.

An appropriate order follows.